**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kate Jillian McCullough,<br>Plaintiff,<br>v.<br>Lowe's Home Centers LLC,<br>Defendant. | No. CV-26-08113-PCT-DJH<br>**ORDER** |

The Court dismissed this case on September 2, 2026, due to Plaintiff's failure to either file an amended IFP or pay the filing fee by the August 21, 2026 deadline. On November 4, 2026, Plaintiff filed a Motion for Relief from Dismissal (Doc. 13) as well as a third amended Application for Leave to Proceed In Forma Pauperis (Doc. 14). The Court will first address the Motion to Reopen the case.

**I. Motion to Reopen Case**

In moving to reopen her case, Plaintiff asserts that she did not learn of the dismissal until she later contacted the Clerk's Office and was unaware of the August 21, 2026, deadline to file an amended application or pay the filing fee. (*See* Doc. 13 at 1–2).

Federal Rule of Civil Procedure 60(b) "permits litigants to request reconsideration of a final judgment, order, or proceeding entered against them." *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020). Under Rule 60(b)(1), the court may relieve a party or its legal representative from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). "[T]he determination of whether neglect is excusable is

an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

Under these circumstances, the Court finds that the opposing party will not be prejudiced by reopening the case given the early stage of proceedings, the delay of two months was not unduly long, Plaintiff has provided a reasonable explanation for the delay based on her *pro se* status, and there is no evidence of bad faith. Therefore, the Court will allow Plaintiff to continue with her case and reopen this matter.

Notwithstanding this ruling, the Court recognizes that Plaintiff has already been granted a previous extension of time due to her untimely second amended IFP application. (*See* Doc. 11). And the two-month delay in moving to reopen this case was not thoroughly explained in her Motion. *Plaintiff* is tasked with the diligent prosecution of her case, no one else. Therefore, Plaintiff should be aware that moving forward her *pro se* status alone will not serve as a reason for untimely filings, and any late filings will not be accepted without a strong showing of good cause or excusable neglect. This case will now be six months old, and further unnecessary delays will not be well-taken. The Court takes deadlines seriously, and *pro se* litigants are expected to know and comply with the rules of civil procedure. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

**II. IFP and Screening Order**

As stated above, Plaintiff filed a third amended Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 14). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that she is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow her to proceed *in forma pauperis* ("IFP"). The Court will proceed to screen Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2).

### A. Legal Standard

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting this review, "section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–30 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (dismissal is also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional"). This Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]")).

the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 328.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe *pro se* filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

**B. Discussion**

Plaintiff states that this is an "employment discrimination lawsuit" brought under Title VII of the Civil Rights Act of 1964, claiming that she was discriminated against based on her gender. (Doc. 1 at 1). Plaintiff uses the words "discrimination," "retaliation," and "harassment" in her Complaint; but the elements of such claims are not alleged on the face of the Complaint, nor is there sufficient factual allegations to support these claims. (*Id.*) The Complaint only makes conclusory assertions that Plaintiff was "subject to hostile work environment," "treated differently than similarly situated employees," and "denied a promotion." (*Id.* at 2). Finally, Plaintiff says that her treatment worsened after she reported the conduct. (*Id.*) No further supporting factual allegations are provided. (*See generally id.*).

The Court finds that Plaintiff's Complaint is insufficiently pled under Federal Rule of Civil Procedure 8. "A complaint that offers nothing more than naked assertions will not suffice." *Kaufman v. Jesser*, 884 F. Supp. 2d 943, 950 (D. Ariz. 2012). Indeed, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In other words, Plaintiff must allege facts showing she has a plausible legal claim. *Id.* Without more factual details, the Court cannot infer a plausible claim, and, as such, the Complaint is dismissed.

**C. Leave to Amend**

Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely

given when justice so requires." Fed. R. Civ. Proc. 15(a). Even if no request to amend the pleading is made, a court should grant leave to amend, unless it determines that other factual allegations could not possibly cure the pleading. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). Given the present dearth of factual allegations in Plaintiff's Complaint, the Court is unable to determine that no possible factual allegations could remedy the Complaint. Leave to amend is, therefore, granted.

If Plaintiff wishes to pursue this suit, she must amend her Complaint by making factual allegations showing she is entitled to relief. Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. [2]

**To be clear, Plaintiff's amended complaint "must articulate the exact legal theory of relief for each cause of action [she is] asserting by explaining: (1) the law or constitutional right [Plaintiff] believe[s] was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiff] suffered as a result of that conduct. [Plaintiff] must repeat this process for each theory underlying every specific cause of action."** *Casavelli v. Johanson*, 2020 WL 4732145, at *10 (D. Ariz. Aug. 14, 2020).

Plaintiff is further advised that, if she elects to file an amended complaint but fails to comply with the Court's instructions, the action will be dismissed under section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Dismissal (Doc. 13) is **GRANTED**. This matter is reopened.

**IT IS FURTHER ORDERED** that the Application to Proceed in District Court

---

[2] Information for individuals filing without an attorney may be found on the District Court's web page at www.azd.uscourts.gov/.

Without Prepaying Fees or Costs (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** with leave to file a First Amended Complaint by **December 11, 2026.**

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint by **December 11, 2026**, the Clerk of Court shall dismiss this action without further order of this Court.

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 13th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge